# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DARYL K. QUINEY**                                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:17-CV-94-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                  **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Daryl K. Quiney filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The Court, having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, and as explained further from the bench at the conclusion of the hearing hereon, finds as follows:

The Commissioner's decision is remanded for the ALJ's failure to consider medical evidence documenting the severity and frequency of Plaintiff's migraine headaches. The ALJ found Plaintiff's migraines to be a severe impairment and limited Plaintiff to work that did not involve very loud noise intensity levels. Docket 7 at 52. However, the ALJ erred in stating that that "the record fails to corroborate either the severity or frequency of [Plaintiff's] purported headaches" when the record is replete with medical evidence documenting both the severity and frequency of Plaintiff's migraines and headaches. *Id*.

The ALJ discounted Plaintiff's complaints of headaches because "no MRI or CT scans have evidenced any underlying pathology that could cause chronic headaches." *Id*. at 53. However, because migraine headaches are particularly unsusceptible to diagnostic testing, in cases involving complaints of disabling pain due to migraine headaches, courts look to other objective medical signs to determine whether claimant's complaints are consistent with the existence of disabling migraine pain. *Wiltz v. Barnhart*, 484 F. Supp. 2d 524, 533 (W.D. La. 2006). *See also Tucker v. Astrue*, No. 2:07cv4, 2008 WL 3285903, *7 (S.D. Miss. Aug. 5, 2008). These "other objective medical signs" include

> whether the claimant's migraines are accompanied by drowsiness, dizziness, nausea, vomiting and blurred vision, whether the claimant has been prescribed medication for migraines and the associated symptoms of nausea and vomiting, whether the plaintiff is sensitive to light (photophobic) or sound, whether the claimant has received continuing and regular treatment for migraines—including outpatient and emergency treatment—and whether the claimant's symptoms are consistent with those of migraine headaches.

*Wiltz,* 484 F.Supp.2d at 533.

Most if not all of these other objective medical signs are thoroughly documented in the record in this case, and the Court finds the ALJ's failure to consider them is reversible error. The case is remanded with instructions for the ALJ to consider the severity and frequency of Plaintiff's migraines and headaches and to reevaluate Plaintiff's RFC in light of the "other objective medical signs" discussed above. The ALJ is then instructed to make step four and step five determinations accordingly.

**SO ORDERED AND ADJUDGED**, this the 1st day of February, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE